## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO:

YULIYA AFANASYEVA, on behalf of herself
and all others similarly situated,

      Plaintiff(s),

      v.

MELISSA ENTERTAINMENTS, INC.
d/b/a NEME GASTRO BAR

      Defendant.

_____/

### COLLECTIVE/CLASS ACTION COMPLAINT FOR DAMAGES
### AND DEMAND FOR JURY TRIAL

Plaintiff, YULIYA AFANASYEVA ("Plaintiff"), on behalf of herself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. § 448.440, and Art. X, Sec. 24 of the Florida Constitution, files this Collective/Class Action Complaint for Damages and Demand for Jury Trial against Defendant, MELISSA ENTERTAINMENTS, INC. d/b/a NEME GASTRO BAR ("Defendant"), for its failure to pay Plaintiff and Restaurant Servers ("Servers") state and federal minimum wages, and Plaintiff federal overtime wages, as follows:

### INTRODUCTION

1.      Plaintiff brings this class and collective action under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA"), and Art. X, Sec. 24 of the Florida Constitution on behalf of herself and all Servers who work or have worked at the Neme Gastro Bar restaurant located at 1252 SW 22nd Street in Miami, Florida 33145, during the applicable

statute of limitations. Defendant committed state and federal minimum wage violations because it: (1) misapplied the service charge in the restaurant; (2) compensated Servers at a reduced wage for tipped employees, but failed to provide Plaintiff and all others similarly situated with statutory notice of taking a tip credit; and (3) required Plaintiff and all others similarly situated to perform non-tipped duties and side work in excess of 30 continuous minutes in at least one shift. As a result, Plaintiff and all similarly situated Servers have been denied federal and state minimum wages during various workweeks within the relevant time period. Moreover, Defendant required Plaintiff to perform work off-the-clock for Defendant's benefit. This resulted in Plaintiff working more than forty (40) hours in a single workweek. Consequently, Plaintiff was denied additional federal minimum and overtime wages during various workweeks within the relevant time period.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3.      Plaintiff and the **FLSA putative collective members** are/were restaurant Servers who worked for Defendant within the last three (3) years at the Neme Gastro Bar restaurant located at 1252 SW 22nd Street, Miami, Florida 33145.

4.      Plaintiff and the **FMWA putative class members** are/were restaurant Servers who worked for Defendant within the last five (5) years at the Neme Gastro Bar restaurant located at 1252 SW 22nd Street, Miami, Florida 33145.

5.      Plaintiff worked for Defendant as a Server at Neme Gastro Bar located at 1252 SW 22nd Street, Miami, Florida 33145 from in or around 2017 through in or around February 2024.

6.     Throughout the past three (3) and five (5) years, Plaintiff was compensated $5.44 per hour.

7.     The proposed collective and class members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, hourly-paid tipped Servers for Defendant at the same Neme Gastro Bar restaurant located at 1252 SW 22nd Street, Miami, Florida 33145.

8.     Plaintiff seeks certification of two (2) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Credit Notice Collective: All Servers who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.**

> **Substantial Side Work Collective: All Servers who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

9.     Plaintiff seeks certification of two (2) separate classes under Fed. R. Civ. P. 23, the FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

> **Tip Credit Notice Class: All Servers who worked for Defendant during the five (5) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

> **Substantial Side Work Class: All Servers who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

10.     Moreover, pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for off-the-clock work, as well as federal overtime wages, on an individual basis.

11.     The precise size and identity of each collective and class should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of class members in each class and collective exceeds 40 Servers.

12.     During all times material hereto, Defendant was a Florida limited liability company operating and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

13.     During all times material hereto, Defendant owned, operated, and controlled the Neme Gastro Bar restaurant located at 1252 SW 22nd Street, Miami, Florida 33145.

14.     Defendant was the "employer" of Plaintiff and all members of the putative Classes and Collectives as that term is defined by the FLSA and FMWA during all times pertinent to the allegations herein.

15.     During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Neme Gastro Bar restaurant located at 1252 SW 22nd Street, Miami, Florida 33145.

16.     Defendant implements uniform pay, tip, and time-keeping practices at the Neme Gastro Bar restaurant that applies to all Servers.

17.     Plaintiff and the putative collective and class members are/were non-exempt, hourly restaurant Servers.

## JURISDICTION AND VENUE

18.     This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA"), and Article X Section 23 of the Florida Constitution to recover damages from Defendant.

19.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

20.     The acts and/or omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

21.     Defendant regularly transacts business in Miami-Dade County, Florida and jurisdiction is therefore proper.

22.     Venue is also proper within Miami-Dade County, Florida.

23.     Plaintiff fulfilled all conditions precedent required to bring her class action claims under the FMWA.

24.     More specifically, on June 17, 2024, Plaintiff, through her counsel, served Defendant with a written pre-suit demand regarding her FMWA claims, requesting Defendant to pay her and putative FMWA classes the minimum wages owed to them. At the time of the filing of this Complaint, no payment has been tendered by Defendant to compensate Plaintiff or the FMWA classes with any wages whatsoever.

## FLSA COVERAGE

25.     Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for

commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

26.     During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as napkins, appliances, ham, spinach, plantains, avocado, onions, tomatoes, chorizo, cilantro, mozzarella cheese, bleu cheese, cheddar cheese, basil, octopus, potatoes, green olives, sour cream, soy sauce, calamari, scallops, shrimp, marinara, escargot, garlic, butter, parsley, tuna, tuna, balsamic, corvina, sweet potatoes, lemons, salmon, sea salt, bread, arugula, prosciutto, steak, romaine lettuce, croutons, Caesar dressing, parmesan cheese, chicken, ribeye, pork loin, couscous, muenster cheese, mayonnaise, mustard, Nutella, ice cream, vegetables, lobster, gorgonzola, tequila, whiskey, scotch, rum, wine, vodka, gin, lime juice, strawberry, sour apple liquor, pineapple juice, cucumber, grapefruit soda, tajin, bitters, coffee, vermouth, mint, grapes, oranges, beer, other drink items, restaurant equipment, chairs, pens, paper, receipts, computers, credit card processors, sugar, tea, soda, ginger beer, and other materials that had previously traveled through interstate commerce.

27.     Defendant has annual gross revenue in excess of $500,000.00 in 2019, 2020, 2021, 2022, 2023 and is expected to gross in excess of $500,000.00 in 2024.

### DEFENDANT MISAPPLIED THE RETAIL/SERVICE EXEMPTION

28.     Defendant attempted to utilize an *optional* Service Charge in the Restaurant during the past five (5) years as a method for compensating Plaintiff and other similarly situated Servers.

29.     The Florida Minimum Wage Act ("FMWA") and Florida Constitution expressly adopt the statutory and regulatory provisions of the Fair Labor Standards Act ("FLSA"). *See* Fla. Const. Art. X, § 24.

30.     "The FLSA defines neither 'tip' nor 'service charge,' [b]ut as noted in Department of Labor (DOL) regulations, the critical feature of a 'tip' is that '[w]hether a tip is to be given, and its amount, are matters *determined solely by the customer* [emphasis in original]." *See, e.g., Compere v. Nusret Miami, LLC,* 28 F.4th 1180, 1186 (11th Cir. 2022) *quoting* 29 C.F.R. § 531.52(a).

31.     The Eleventh Circuit Court of Appeals has stressed that when determining whether a payment is a Service Charge or a tip, "the relevant question is whether the decision to pay the given sum is 'determined solely by the *customer* [emphasis in original].'" *See, e.g., Nelson v. MLB Hotel Manager, LLC,* 2022 WL 2733720 (11th Cir. July 13, 2022) *citing Compere,* 28 F.4th at 1188.

32.     Rather than paying Plaintiff and other similarly situated Servers the full hourly minimum wage, the Defendant paid a reduced sub-minimum wage and relied on this purported Service Charge a method for compensating the Servers.

33.     The language of the Service Charge notice on the Restaurant's menu states the following to customers:

> **22%** Service Charge will be added to all Checks. Feel free to raise, lower or remove it at your discretion. Always remember, good times must be persued [Sic].[1]

34.     Based on this language, the monetary amount left by a customer for a Server is "determined solely by the customer" and is considered a tip and not a Service Charge under federal and Florida law.

---

[1] *See* https://www.nemegastrobar.com/eat (last visited July 16, 2024).



35.     More specifically, the guest retains full control over how much to leave (or whether the Service Charge should be removed entirely), and therefore, the amount left by a customer is not considered a Service Charge under the law, but instead, is considered a tip.

## DEFENDANT FAILED TO PROVIDE SERVERS WITH SUFFICIENT NOTICE OF THE TIP CREDIT

36.     Based on the language used by Defendant on its menu, the monetary amount left by a customer for a Server is considered a tip and not Service Charge under Florida law.

37.     Additionally, when Defendant hires Servers, it credits a portion of Servers' tips toward its minimum wage obligations, and, consequently, it pays Servers below the applicable federal and/or state minimum wage.

38.     Nevertheless, Defendant fails to provide such Servers the required and sufficient notice of the tip credit under federal and Florida law.

39.     During all times material hereto, Defendant **did not**: (1) provide the full statutorily required tip notice under federal and/or Florida law; (2) pay the applicable federal and/or Florida minimum wage; or (3) track the time Servers spent performing side work and non-tipped duties.

40.     Therefore, pursuant to Florida law, Defendant was not permitted to rely on any of the amounts left by customers as a tip credit because Defendant failed to sufficiently notify Plaintiff, and all other similarly situated Servers, that it was retaining a tip credit against the federal and Florida minimum wage. *See* 29 C.F.R. § 531.59 ("[A]n employer is not eligible to take the tip credit unless it has informed its tipped employees in advance . . . of the provisions of section 3(m)(2)(A) of the Act"); *Graham v. Famous Dave's of America, Inc.*, No. 19-0486, 2020 WL 5653231 *1, 7 (D. Md. Sept. 23, 2020) (holding that the remedy for an employer's failure to inform is payment of the applicable and full minimum wage).

41.     The Restaurant also failed to compensate Plaintiff and similarly situated Servers at least the required reduced hourly rate under Florida law so it is not permitted to take a tip credit.

42.     Plaintiff and the **Tip Credit Notice Collective** members are therefore entitled to recover at least the federal minimum wage for each hour spent performing work.

43.     Plaintiff and the **Tip Credit Notice Class** members are therefore entitled to recover at least the Florida minimum wage for each hour spent performing work.

44.     Moreover, during all times material hereto, Defendant claimed a tip credit under federal and Florida law and paid Plaintiff and all other Servers the reduced wage for tipped employees, including during shifts when they spent a substantial amount of continuous time performing directly supporting side work and/or non-tipped duties for 30 or more minutes.

## DEFENDANT REQUIRES SERVERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES ON NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT

45.     Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

46.     Accordingly, employers are forbidden from taking a tip credit when they require tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work.

47.     During all times material hereto, Defendant often required all Servers to arrive to opening shifts approximately one (1) hour before the restaurant was open to the public.

48.     Moreover, during all times material hereto, Defendant required Servers to perform side work and non-tipped duties for more approximately one (1) continuous hour at the end of their closing shifts, often when Servers did not have any customers and the restaurant was closed to the public.

49.     Plaintiff and the **Substantial Side Work Collective** members are entitled to recover at least federal minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

50.     Plaintiff and the **Substantial Side Work Class** members are entitled to recover at least the Florida minimum wage for the time spent performing "non-tipped" duties and side work which exceeds 30 continuous minutes per shift.

51.     Plaintiff and the putative class and collective members performed the same or substantially similar side work for Defendant and were otherwise paid in an identical manner by Defendant.

52.     Although Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the putative class and collective members in accordance with Florida and federal law.

## DEFENDANT REQUIRED PLAINTIFF TO WORK OFF-THE-CLOCK

53.     During all times material hereto, Defendant only paid Plaintiff for thirty-eight (38) hours of work each week, notwithstanding that Plaintiff typically worked *at least* forty (40) hours in a workweek.

54.     Plaintiff was required to clock-out, remain at the restaurant after her scheduled shifts were over, continue serving customers, and perform side work and non-tipped duties.

55.     During this time, Plaintiff was not fully relieved of all duties and Defendant received the predominant benefit of the unpaid work Plaintiff was performing.

56.     Defendant prohibited Plaintiff from leaving the premises during the time in which Plaintiff performed work off-the-clock.

57.     During all times material hereto, Defendant did not compensate Plaintiff for any time spent performing work off-the-clock.

58.     Furthermore, during all times material hereto, Defendant's records were inaccurate because they did not show nor reflect the fact that Plaintiff actually worked during mandatory, unpaid work periods.

59.     Defendant was either recklessly indifferent as to the minimum wage, overtime, and record-keeping requirements under federal law, or in the alternative, *intentionally misled* Plaintiff, so that Defendant could avoid having to pay Plaintiff her lawful and hard-earned wages.

60.     As a direct result of Defendant's intentional and/or willful violations of the FLSA, Plaintiff has suffered a significant amount of damages and has had to retain the services of the undersigned counsel to exercise her rights. Plaintiff is therefore entitled to full recovery of her reasonable attorney's fees and costs incurred.

61.     Plaintiff is entitled to recover at least federal minimum wages for each hour spent at the restaurant for the mandatory off-the-clock period.

**DEFENDANT FAILED TO COMPENSATE PLAINTIFF
THE APPLICABLE OVERTIME RATE FOR CERTAIN HOURS
WORKED IN EXCESS OF FORTY (40) HOURS IN A WORKWEEK**

62.     During all times material hereto, Defendant regularly required Plaintiff to work off-the-clock each shift and did not count this unpaid period as compensable time.

63.     During all times material hereto, when Plaintiff worked more than forty (40) hours in a work week, Defendant did not add the time that Plaintiff spent working off-the-clock to their total weekly compensable time.

64.    Consequently, during all times material hereto, Defendant did not compensate Plaintiff the applicable hourly overtime rate for certain hours that she worked off-the-clock when she worked more than forty (40) hours in a single workweek.

65.    Moreover, during all times material hereto, as a result of Defendant's practice of requiring Plaintiff to work off-the-clock, Plaintiff frequently worked in excess of forty (40) hours.

66.    Defendant was either recklessly indifferent as to the overtime requirements under federal law, or in the alternative, *intentionally misled* Plaintiff so that Defendant could avoid having to pay Plaintiff her lawful and hard-earned overtime wages.

67.    As a direct result of Defendant's intentional and/or willful violations of the FLSA, Plaintiff has suffered a significant amount of damages and has had to retain the services of the undersigned counsel to exercise her rights. Plaintiff is therefore entitled to full recovery of their reasonable attorney's fees and costs incurred.

68.    Plaintiff is entitled to recover federal overtime wages for each hour above forty (40) spent at the restaurant for the required off-the-clock work in each workweek.

## CLASS ALLEGATIONS

69.    Class members are treated equally and similarly at the Neme Gastro Bar restaurant that is owned and operated by Defendant, in that they were denied state minimum wages despite the fact that Defendant did not provide the required and sufficient notice of the tip credit under Florida law.

70.    Class members are treated equally and similarly at the Neme Gastro Bar restaurant that is owned and operated by Defendant, in that they were denied state minimum wages during

shifts when they were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

71.    Defendant employed at least forty (40) Servers at its 1252 SW 22nd Street Miami, Florida 33145 restaurant who were paid a reduced tip credit wage and were not provided with the required nor sufficient notice of the tip credit under Florida law during the past five (5) years.

72.    Defendant employed at least forty (40) Servers at its 1252 SW 22nd Street Miami, Florida 33145 restaurant who were paid a reduced tip credit wage and were required to spend more than 30 continuous minutes per shift on non-tipped duties and side work during any shift on or after December 28, 2021, through the present.

73.    At all times material hereto, Defendant has express or constructive knowledge of the work performed by Plaintiff and all other similarly situated Servers.

74.    Moreover, at all times material hereto, Defendant had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

75.    Plaintiff and the class members performed the same or substantially similar job duties for Defendant at 1252 SW 22nd Street Miami, Florida 33145 restaurant, as Servers, and were otherwise paid in an identical manner by Defendant and were subject to the same employment policies.

76.    Plaintiff and the class members performed the same or substantially similar side work for Defendant at 1252 SW 22nd Street Miami, Florida 33145 restaurant.

77.     Although Defendant was aware of the requirements of the FLSA, Florida Constitution and FMWA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

### COUNT I – COLLECTIVE ACTION
### FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP CREDIT NOTICE COLLECTIVE)

78.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 77 as though set forth fully herein.

79.     Plaintiff was entitled to be paid the full federal minimum wage in one or more workweeks for certain hours worked during her employment with Defendant.

80.     Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Servers with requisite notice of the tip credit required under federal law.

81.     Throughout the relevant time period, Plaintiff and all other similarly situated Servers were compensated $5.44 per hour.

82.     Plaintiff and the putative collective of Servers are therefore entitled to receive the full federal minimum wage at the rate of $7.25 per hour for every hour work within the previous three (3) years.

83.     Defendant knew Plaintiff had performed work but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

84.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment with Defendant.

85. Defendant's willful and/or intentional violations of federal law entitle Plaintiff to an additional amount of liquidated, or double, damages.

86. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Tip Credit Notice Collective:

> **All Servers who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit toward the required federal minimum wage.**

WHEREFORE, Plaintiff, YULIYA AFANASYEVA, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, MELISSA ENTERTAINMENTS, INC. d/b/a NEME GASTRO BAR, and award Plaintiff, and the putative collective: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

### COUNT II – COLLECTIVE ACTION
### FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (SUBSTANTIAL SIDE WORK COLLECTIVE)

87. Plaintiff re-alleges and re-avers Paragraphs 1 through 77 as though fully set forth herein.

88. Defendant claimed a tip credit under federal law for each hour of work performed by Plaintiff and all other Servers.

89. Defendant often required Plaintiff and other Servers to arrive and begin work more than 30 minutes before the restaurant opened to the public.

90.     Similarly, Defendant required Plaintiff and other Servers to perform work for the restaurant for at least one (1) hour after the restaurant closed to the public.

91.     Plaintiff and all other similarly situated Servers are/were entitled to be paid full federal minimum wage for all hours worked during their employment with Defendant.

92.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for herself and the following similarly situated Substantial Side Work Collective:

> **All Servers who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

93.     Defendant violated the FLSA because it required Servers to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

94.     Defendant required Plaintiff and all other Servers to spend substantial time working on tip supporting work, side work and non-tipped duties and claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

95.     Throughout the relevant time period, Plaintiff and all other similarly situated Servers were compensated $5.44 per hour.

96.     Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes on tip supporting work, non-tipped duties and side work, Defendant is not permitted to take the applicable tip credit under federal law.

97.     Defendant has been in operation for several years and therefore knew or should have known about the FLSA's prohibition against requiring employees who are paid a sub-minimum wage to perform more than 30 continuous minutes during any shift performing non-tipped duties and side work.

98. Defendant had an obligation to investigate and review its restaurant's policies concerning compliance with laws concerning the effect side work and non-tipped duties have on a tipped employee's wages and tips.

99. Information concerning the applicability of these laws were publicly available to Defendant for no charge through the Department of Labor's website.

100. Defendant knew Plaintiff had performed more than thirty (30) continuous minutes on non-tipped duties and side work during her shift(s), but willfully failed to pay Plaintiff the full federal minimum wage, contrary to the FLSA.

101. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative collective members to an additional amount of liquidated, or double, damages.

102. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the collective members have been damaged in the loss of federal minimum wages for one or more weeks of work.

WHEREFORE, Plaintiff, YULIYA AFANASYEVA, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, MELISSA ENTERTAINMENTS, INC. d/b/a NEME GASTRO BAR, and award Plaintiff, and the putative collective: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT III – FED. R. CIV. P. 23 CLASS ACTION
## FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (TIP CREDIT NOTICE CLASS)

103.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 77 as though set forth fully herein.

104.    Defendant violated the terms of Fla. Stat. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum wage but by failing to provide Plaintiff and the putative class members the statutorily required tip notice for the past five (5) years.

105.    Defendant therefore forfeits any tip credit under Florida law and owes each Server the Florida minimum wage for each hour of work they performed within the past five (5) years.

106.    On June 17, 2024, and through her counsel, Plaintiff served Defendant with a written pre-suit notice and demand pursuant to Fla. Stat. § 448.110, on behalf of herself, and a class of all similarly situated Servers.

107.    More than fifteen (15) calendar days have elapsed since Plaintiff served Defendant with her written pre-suit notice and demand and as the date and time of this filing, Defendant has failed to tender full payment to Plaintiff and the class.

108.    In 2019, the Florida minimum wage was $8.46 per hour.

109.    In 2020, the Florida minimum wage was $8.56 per hour.

110.    From January 1, 2021, through September 29, 2021, the Florida minimum wage was $8.65 per hour.

111.    From September 30, 2021, through September 29, 2022, the Florida minimum wage was $10.00 per hour.

112.    From September 30, 2022, through September 29, 2023, the Florida minimum wage was $11.00 per hour.

113.    From September 30, 2023, through the present, the Florida minimum wage is/was $12.00 per hour.

114.    Throughout the past five (5) years, Plaintiff and all other similarly situated Servers were compensated $5.44 per hour.

115.    Plaintiff and the proposed Tip Credit Notice Class members are/were subjected to similar violations of the FMWA and Florida Constitution.

116.    Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida minimum wages:

> **All Servers who worked for Defendant during the five (5) years preceding this lawsuit who did not receive proper notice from Defendant that it would be taking a tip credit pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

## RULE 23 CLASS ALLEGATIONS

117.    Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Credit Notice Class").

118.    The putative Tip Credit Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based on Defendant's failure to provide Plaintiff and similarly situated Servers proper notice of Defendant's intent to rely upon a tip credit under Florida law.

119.    *Numerosity*: Defendant employed in excess of forty (40) Servers during the past five (5) years who were not provided the required tip notice; nevertheless, Defendant claimed a tip

credit for these employees. Given Defendant's considerable size and systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

120. Plaintiff and the Tip Credit Notice Class members were subject to the same employment policies.

121. *Commonality*: Common questions of law and fact exist as to all members of the Class and such questions predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the class include, but are not limited to, the following: (a) whether Plaintiff and the Tip Credit Notice Class were "employees" of Defendant; (b) whether Plaintiff's and the Tip Credit Notice Class's hours were properly recorded; (c) whether Defendant violated the Florida minimum wage rights of Plaintiff and the Tip Credit Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (d) whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Credit Notice Class the Florida minimum wages as required under Florida law; (e) whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) the nature, extent, and measure of damages suffered by the Plaintiff and the Tip Credit Notice Class based upon Defendant's conduct.

122. *Typicality*: Plaintiff's claims are typical of the claims of the members of the Tip Credit Notice Class. Plaintiff's claims arise from Defendant's company-wide policy of paying all Servers a reduced wage without providing the statutorily required notice of taking a tip credit.

123. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Credit Notice Class. Plaintiff has no interest that might conflict with the interests of the Tip Credit Notice Class. Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

124. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to arise in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

125. Defendant has acted on grounds generally applicable to the Tip Credit Notice Class, thereby making relief appropriate with respect to the Tip Credit Notice Class as a whole. Prosecution of separate actions by individual members of the Tip Credit Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Credit Notice Class that would establish incompatible standards of conduct for Defendant.

126. Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Credit Notice Class.

127. Plaintiff and the Tip Credit Notice Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's failure to

provide Plaintiff and the Tip Credit Notice Class members the appropriate tip credit notice when Defendant claimed a tip credit.

128.     Plaintiff and the Tip Credit Notice Class members were not paid proper Florida minimum wages during the relevant time period.

129.     Defendant either willfully chose not to comply with the FMWA's tip credit laws, and deliberately failed to pay the Tip Credit Notice Class properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FMWA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Tip Credit Notice laws under the FMWA.

130.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Credit Notice Class members in accordance with the law.

131.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Credit Notice Class members exceeds forty (40) Servers.

132.     This action is intended to include each and every Server who worked at Defendant's restaurant during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

133.     During all times material hereto, Plaintiff and all Tip Credit Notice Class members were non-exempt employees of Defendant.

134.     Plaintiff and the Tip Credit Notice Class members performed work as Servers, which was an integral part of Defendant's business.

135. Defendant violated the FMWA and the Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Credit Notice Class members the requisite tip credit notice.

136. The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least Florida's minimum wage for each hour worked due to Defendant's failure in providing an adequate tip credit notice.

137. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

138. A class action suit, such as this one, is superior to other available means for the fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

139. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

140. Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

141. The relief sought is common to the entire class including, among other things: (a) payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or Fla. Stat. § 448.110; (b) payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or Fla. Stat. § 448.110 as a result of Defendant's intentional and/or willful violations; and (c) payment by Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

142. Plaintiff and the Tip Credit Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the FMWA and the Florida Constitution.

143. Defendant's willful and/or intentional violations of state law entitle Plaintiff and the putative Tip Credit Notice Class members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, YULIYA AFANASYEVA, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, MELISSA ENTERTAINMENTS, INC. d/b/a NEME GASTRO BAR, and award Plaintiff, and the putative class: (a) unpaid Florida minimum wages to be paid by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

144.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 77 as though set forth fully herein.

145.     Defendant claimed a tip credit for each hour of work performed by Plaintiff and all other Server during all times material hereto.

146.     Plaintiff and all other similarly situated Servers are/were entitled to be paid full Florida minimum wage for each hour worked during their employment with Defendant.

147.     Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for herself and the following Substantial Side Work Class because of Defendant's failure to pay constitutionally mandated state minimum wages:

> **All Servers who worked for Defendant on or after December 28,**
> **2021, who were required to spend more than thirty (30)**
> **continuous minutes on non-tipped duties and side work during**
> **any shift.**

148.     Pursuant to state and federal law, any side work consisting of more than thirty (30) continuous minutes is considered "substantial" side work and is not considered to be part of the tipped occupation.

149.     Although side work consisting of more than thirty (30) continuous minutes must be paid at the full state minimum wage, Defendant impermissibly claimed a tip credit for all work performed by Servers after their training periods.

150.     Defendant refused to compensate Plaintiff and all other Servers the full Florida minimum wage, including during shifts when they were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

151. Defendant often required Plaintiff and all other Servers to arrive to opening shifts approximately one (1) hour before Defendant's restaurant opened to the public. During the times in which Servers were clocked in before the restaurant opened, Defendant unlawfully claimed a tip credit and paid Plaintiff and all other Servers less than the applicable state minimum wage.

152. In addition, Defendant required Plaintiff all other Servers to spend approximately one (1) continuous hour after the restaurant closed performing side work and non-tipped duties, including when tipped employees could not earn tips. During this time, Defendant claimed a tip credit and paid Plaintiff and all other Servers less than the applicable state minimum wage.

153. Because Plaintiff and all other similarly situated employees were required to spend more than thirty (30) continuous minutes each shift on side work and non-tipped duties, Defendant is not permitted to take the applicable tip credit for this work and committed categorical Florida minimum wage violations since this became unlawful on December 28, 2021.

## RULE 23 CLASS ALLEGATIONS

154. Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all restaurant Servers who worked for Defendant at its restaurant at 1252 SW 22nd Street in Miami, Florida 33145 since December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

155. The putative Substantial Side Work Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon the Defendant's class-wide requirement for Servers to spend more than thirty (30) continuous minutes on non-tipped duties and side work during each shift.

156.    *Numerosity:* Defendant employed at least 40 restaurant Servers at its restaurant at 1252 SW 22nd Street in Miami, Florida 33145 since December 28, 2021, who were not paid Florida minimum wages as a result Defendant's requirement that these employees spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.

157.    Given Defendant's size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

158.    Plaintiff and the Substantial Side Work Class members were victim to the same employment policies, including Defendant's requirement for these employees to spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.

159.    *Commonality:* Common questions of law and fact exist as to all members of the Substantial Side Work Class and predominate over any questions solely affecting any individual member of the Substantial Side Work Class, including Plaintiff. Such questions common to the Substantial Side Work Class include, but are not limited to, the following: (a) whether Plaintiff and the Substantial Side Work Class were "employees" of Defendant; (b) whether Plaintiff and the Substantial Side Work Class's hours were properly recorded; (c) whether Defendant violated the Florida minimum wage rights of Plaintiff and the Substantial Side Work Class under the Florida Minimum Wage Act and Florida Constitution by requiring Servers to spend more than thirty (30) continuous minutes on non-tipped duties on side work; (d) whether Defendant willfully or intentionally refused to pay Plaintiff and the Substantial Side Work Class Florida minimum wages; (e) whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper time-keeping and payroll

practices; and (f) the nature, extent, and measure of damages suffered by the Plaintiff and the Substantial Side Work Class based upon Defendant's conduct.

160.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Substantial Side Work Class. Plaintiff's claims arise from the Defendant's company-wide requirement for Servers to spend more than thirty (30) continuous minutes on non-tipped duties and side work each shift.

161.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Substantial Side Work Class.  Plaintiff has no interest that might conflict with the interests of the Substantial Side Work Class.  Plaintiff is interested in pursuing her claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

162.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

163.    Defendant has acted on grounds generally applicable to the Substantial Side Work Class, thereby making relief appropriate with respect to the Substantial Side Work Class as a whole.  Prosecution of separate actions by individual members of the Substantial Side Work Class would create the risk of inconsistent or varying adjudications with respect to the individual

members of the Substantial Side Work Class that would establish incompatible standards of conduct for Defendant.

164. Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Substantial Side Work Class.

165. Plaintiff and the Substantial Side Work Class members performed the same job duties, as restaurant Servers, and were scheduled to work and paid in an identical manner by Defendant. Defendant requires all Servers to spend substantial time on non-tipped duties and side work during each shift, including approximately one (1) continuous hour of side work before the restaurant opened to the public and one (1) continuous hour of side work after Defendant's restaurant was closed to the public. This caused state minimum wage violations during various workweeks after December 28, 2021.

166. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Substantial Side Work Class members exceeds 40 restaurant Servers.

167. This action is intended to include each and every restaurant Server who worked for Defendant in Miami, Florida, since December 28, 2021, who was required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

168. Plaintiff and the Substantial Side Work Class members performed work as restaurant Servers which was integral to Defendant's business operations.

169. In 2019, the Florida minimum wage was $8.46 per hour.

170.    In 2020, the Florida minimum wage was $8.56 per hour.

171.    From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

172.    From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

173.    From September 30, 2022, through September 29, 2023, the Florida Minimum Wage was $11.00 per hour.

174.    From September 29, 2023, through the present, the Florida Minimum Wage is/was $12.00 per hour.

175.    Throughout the past five (5) years, Plaintiff and all other similarly situated Servers were compensated $5.44 per hour.

176.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand letter before this claim was filed.

177.    More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff or the putative Substantial Side Work Class their Florida minimum wages.

178.    The relief sought is common to the entire class including, inter alia: (a) payment by the Defendant of actual damages caused by its failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act; (b) payment by the Defendant of liquidated damages caused by its failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act as a result of Defendant's intentional and/or willful

violations; (c) payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff's counsel.

179.    Defendant either willfully chose not to comply with the FMWA's substantial side work laws, and deliberately failed to pay the Substantial Side Work Class properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FMWA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent substantial side work laws under the FMWA.

180.    Defendant was aware of the requirements of the FMWA and Florida Constitution's Minimum Wage Amendment, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Substantial Side Work Class members in accordance with the law.

181.    Defendant's willful and/or intentional violations of state law entitle Plaintiff and the putative Substantial Side Work Class members to an additional amount of liquidated, or double, damages.

182.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Substantial Side Work Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work after December 28, 2021.

WHEREFORE, Plaintiff, YULIYA AFANASYEVA, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, MELISSA ENTERTAINMENTS, INC. d/b/a NEME GASTRO BAR, and award Plaintiff, and the putative class: (a) unpaid Florida minimum wages to be paid by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs

permitted by the Florida Constitution and Fla. Stat. § 448.110 to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

### <u>COUNT V – FEDERAL MINIMUM WAGE VIOLATIONS</u>
**(29 U.S.C. § 206)**

183.   Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 77 as though set forth fully herein.

184.   Plaintiff was entitled to be paid at least full federal minimum wage for the time that she spent performing work for Defendant's benefit.

185.   Defendant forced Plaintiff to perform off-the-clock work.

186.   The off-the-clock work that Plaintiff performed was predominantly for the benefit of Defendant during the previous three (3) years.

187.   The off-the-clock work that Plaintiff performed was at least one-hour in-length and were therefore more than *de minimis* during the previous three (3) years.

188.   Plaintiff did not volunteer to work off-the-clock, nor did Plaintiff volunteer to remain on the premises of the Restaurant while she was off-the-clock.

189.   Plaintiff is therefore entitled to receive the full federal minimum wage of $7.25 per hour for the time she was required work off-the-clock.

190.   Defendant knew that Plaintiff performed work—and expressly required Plaintiff to perform this work—but willfully failed to pay Plaintiff full federal minimum wage, contrary to the FLSA.

191.   Defendant has been in operation for several years and therefore knew or should have known about the FLSA's prohibition against requiring employees to perform off-the-clock work.

192.   Defendant had an obligation to investigate and review its restaurant's policies concerning compliance with laws concerning off-the-clock work and its minimum wage obligations.

193.   Information concerning the applicability of these laws were publicly available to Defendant for no charge through the Department of Labor's website.

194.   As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during her employment period.

195.   Defendant either willfully chose not to comply with the FLSA's minimum wage laws as it relates to off-the-clock work, and deliberately failed to pay Plaintiff properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent minimum wage laws under the FLSA.

196.   Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, YULIYA AFANASYEVA, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, MELISSA ENTERTAINMENTS, INC. d/b/a NEME GASTRO BAR, and award Plaintiff: (a) unpaid federal minimum wages; (b) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT VI – FEDERAL OVERTIME WAGE VIOLATIONS
### (29 U.S.C. § 207)

197.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 77 as though set forth fully herein.

198.     Plaintiff alleges this action pursuant to 29 U.S.C. § 216(b).

199.     Defendant refused to pay Plaintiff federal overtime wages when she performed more than forty (40) hours of work in one or more workweeks within the past three years preceding the filing of this lawsuit.

200.     Defendant paid Plaintiff for thirty-eight (38) hours each week, even during weeks in which Plaintiff performed over forty (40) hours in any given workweek.

201.     Defendant routinely required Plaintiff to clock-out when its restaurant closed to the public even though she was still performing work for Defendant's benefit.

202.     As a result, Plaintiff has been denied federal overtime wages in one or more workweeks within the previous three (3) years.

203.     Plaintiff therefore claims the applicable federal overtime wage rate for certain weekly hours worked over forty (40) during her employment period.

204.     Defendant violated the FLSA because it required Plaintiff to work more than 40 hours in a workweek but did not compensate Plaintiff applicable federal overtime wages for this work.

205.     Defendant has been in operation for several years and therefore knew or should have known about the FLSA's overtime requirements.

206.     Defendant had an obligation to investigate and review its restaurant's policies concerning compliance with laws concerning overtime wages for hourly employees.

207.     Information concerning the applicability of these laws were publicly available to Defendant for no charge through the Department of Labor's website.

208.     Defendant either willfully chose not to comply with the FLSA's overtime laws, and deliberately failed to pay Plaintiff properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FLSA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent overtime laws under the FLSA.

209.     Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

210.     Defendants allowed these violations of federal law to continue to occur, notwithstanding that this practice runs contrary to the FLSA.

211.     Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

212.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, YULIYA AFANASYEVA, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, MELISSA ENTERTAINMENTS, INC. d/b/a NEME GASTRO BAR, and award Plaintiff: (a) unpaid federal overtime wages; (b) an equal amount of liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, YULIYA AFANASYEVA, on behalf of herself and each collective and class demands a trial by jury on all appropriate claims.

**Date: July 19, 2024**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Michael V. Miller*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MICHAEL MILLER, ESQUIRE
Florida Bar No. 64005
*Jordan@jordanrichardspllc.com*
*Michael@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 19, 2024.

By: */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005

## SERVICE LIST