UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-22762-CIV-GOODMAN

[CONSENT]

YULIYA AFANASYEVA, on behalf of herself
and all others similarly situated,

    Plaintiff(s),

v.

MELISSA ENTERTAINMENTS, INC.
d/b/a NEME GASTRO BAR,

    Defendant.
_____/

## ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

The Court held a Zoom videoconference fairness hearing on February 26, 2025, and heard from counsel regarding the fairness of the settlement of Plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [ECF No. 45].

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). But there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor or (2) in a private lawsuit brought by an employee, if the parties present

the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

The Court considered the factors outlined in *Lynn's Food Stores, Inc.* and also considered the strengths of the parties' cases; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective cases; and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. Defendant, who has denied liability, has agreed to pay Plaintiff more than it believes Plaintiff is due under the law. All parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Undersigned also reviewed Plaintiff's counsel's billing and costs records. [ECF No. 47]. Plaintiff's counsel's billing records reflect $44,598.35 in attorneys' fees and $496.16

in costs accumulated over the course of eight months. *Id*. at 36–37. Those records, in comparison with the settlement amount the parties agreed on, show that Plaintiff's counsel discounted his firm's total fees and costs by approximately 49%. The Undersigned finds Plaintiff's lead counsel's hourly rate of $395.00, for an attorney practicing law for approximately 16 years, to be reasonable.[1] Therefore, the settlement is reasonable not just when viewed in light of Plaintiff's claims against Defendant (and Defendant's defenses to those claims), but also in light of the amounts that Plaintiff and Plaintiff's counsel will receive.[2]

---

[1]     Additionally, the Undersigned finds that the hourly rates for the remaining attorneys on Plaintiff's legal team to be reasonable based on their individual experience. The legal team includes: (1) Attorney Jordan Richards, with an hourly rate of $395.00, practicing law for approximately 11 years; and (2) Attorney Sarah Schaefer, with an hourly rate of $275.00, practicing law for approximately a year and a half.

[2]     Plaintiff also requests fees for law clerks Ahava Livingstone, who charges an hourly rate of $250.00 in this case, and Charles McGee, who charges an hourly rate of $175.00 in this case. The Undersigned finds Livingstone's hourly rate to be on the high side -- and that $175.00 would be a reasonable hourly rate for someone with her experience. *See Epsilantis v. Scozzari Roof Servs. Contracting & Consulting, Inc.*, No. 21-14195-CIV, 2024 WL 2419033, at *5 (S.D. Fla. May 3, 2024), *report and recommendation adopted*, No. 21-14195-CIV, 2024 WL 2377414 (S.D. Fla. May 23, 2024), *appeal dismissed*, No. 24-11743-F, 2024 WL 3946340 (11th Cir. June 27, 2024) (finding $150.00 per hour reasonable for Livingstone) (citing *Nobles v. Electroduct, Inc.*, 2020 WL 7211695, at *2 (S.D. Fla. Oct. 13, 2020), *report and recommendation adopted sub nom. Nobles v. Electriduct, Inc.*, 2020 WL 7187771 (S.D. Fla. Dec. 7, 2020) (finding $150.00 per hour for law clerks to be within the range charged in this District "by legal professionals of reasonably comparable skills, experience and reputation and should be awarded")). McGee's $175.00 hourly rate is also high, due to his minimal experience and lack of a Florida Bar license, and an hourly rate of $125.00 is more appropriate.

However, due to Plaintiff's counsel's 49% reduction in fees, the Undersigned will not further reduce the fee award to reflect the reduction in hourly fees. Additionally, even though McGee's hourly rate is too high, he billed only .17 hours (totaling $29.75), and so any

In addition, the Court finds that the settlement here occurred in an adversarial context, and there are genuine legal and factual issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, it is **ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable, the settlement is **APPROVED**, and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction to enforce the terms of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 26, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All Counsel of Record

---

reduction would be *de minimis* (and also irrelevant, given that Plaintiff's law firm provided a 49% discount in order to get the case settled).